UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALISIA B. B.,

                Plaintiff,

v.                                     5:24-CV-0633
                                           (GTS/MJK)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEGAL AID SOCIETY OF MID-NY, INC.<br>  Counsel for Plaintiff<br>221 South Warren Street - Suite 310<br>Syracuse, New York 13202 | CINDY DOMINGUE-HENDRICKSON,<br>ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>  Counsel for Defendant<br>Office of the General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | HUGH DUN RAPPAPORT, ESQ. |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by Alisia B. B. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. § 405(g), are (1) the Report and Recommendation of United States Magistrate Judge Mitchell J. Katz recommending that Plaintiff's motion for judgment on the pleadings be denied and Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's response to

Plaintiff's objections. (Dkt. Nos. 20, 23, 24.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety, Plaintiff's motion for judgment on the pleadings is denied, Defendant's motion for judgment on the pleadings is granted, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

I.    RELEVANT BACKGROUND

   A.    **Magistrate Judge Katz's Report and Recommendation**

Generally, in his Report and Recommendation, Magistrate Judge Katz determined that the ALJ's RFC finding that Plaintiff is capable of performing a full range of work at all exertional levels with mental limitations permitting her to perform simple work is supported by substantial evidence and contains no legal error. (Dkt. No. 20.)

First, Magistrate Judge Katz determined that, although Plaintiff argues the ALJ failed to consider the effects of her panic attacks on her ability to meet the demands of full-time work, the ALJ accounted for her panic attacks by thoroughly reviewing the evidence, identifying a known trigger, and assessing how Plaintiff's continued treatment is helping her manage and cope with her stress symptoms. In addition, Magistrate Judge Katz found that the ALJ thoroughly considered Plaintiff's mental health records which showed positive areas of improvement (as well as areas where she continues to have difficulty), along with her activities of daily living. (*Id*. at VI(A).)

Second, although Plaintiff argues the ALJ overlooked the effects of her asthma condition, Magistrate Judge Katz found the ALJ provided sufficient justification for not adopting Dr. Baronos' recommendation that Plaintiff should avoid environmental hazards due to her asthma. More specifically, Magistrate Judge Katz concurred with the Commissioner that no harm was

committed because the ALJ identified jobs in the national economy that do not require exposure to environmental hazards and thus the Step Five finding would still be supported by substantial evidence even if such limitation should have been included. (*Id*. at VI(B).)

### B.     Plaintiff's Objections to the Report and Recommendation

Generally, in her Objections to the Report and Recommendation, Plaintiff asserts that Magistrate Judge Katz erred in finding the ALJ's decision is supported by substantial evidence by relying on certain evidence in the record to support her findings while discounting evidence which shows Plaintiff continues to suffer from mental health issues and failing to determine what environmental hazards Plaintiff should avoid given her asthma condition. (Dkt. No. 23)

More specifically, Plaintiff argues the ALJ failed to follow the Appeals Council's order to further develop the record (including an instruction to "obtain additional evidence concerning the claimant's physical and mental impairments") with respect to Plaintiff's mental health impairments and asthma condition, by, for example, (a) overlooking evidence which suggests Plaintiff is still coping with mental health issues and stress/panic attacks; (b) focusing on sexual abuse as a known trigger for her panic attacks when Plaintiff has identified other triggers, (c) suggesting Plaintiff's reported activities of daily living reflect how she would be able to perform in a stressful work setting, and (d) failing to perform a further inquiry into her asthma condition given that there were two medical source opinions which determined Plaintiff had environmental limitations yet further information or clarification from these sources was not obtained. (*Id*., Parts I-II.)

Second, Plaintiff argues that the ALJ merely substituted her own opinion for that of the medical sources by relying on the fact that Plaintiff has not been hospitalized for asthma in 10

years (which is an inquiry for listing-level severity and not determinative of whether Plaintiff should avoid certain environmental exposures at work) rather than conducting any further inquiry into Plaintiff's asthma condition.  (*Id.*, Part II.)

      **C.**     **Defendant's Response to Plaintiff's Objections**

Generally, in his response to Plaintiff's objections, Defendant asserts that Plaintiff's objections should be rejected for the following reasons:  (1) they merely rehash the same arguments she previously presented to the Court, and she has failed to point to any legal error, and (2) Plaintiff's argument that the ALJ overlooked mental health records which suggest she would have difficulty in a work setting is not credible because evidence also shows Plaintiff socializes, uses public transportation, and goes out in public alone.  (Dkt. No. 24.)

**II.**     **APPLICABLE LEGAL STANDARD**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(c).  "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(c); *accord* Fed. R. Civ. P. 72(b)(2).  "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v.*

4

*Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.  ANALYSIS

After carefully reviewing the relevant findings in this action, including Magistrate Judge Katz's thorough Report and Recommendation and Plaintiff's and Defendant's responses thereto, the Court can find no clear error in the Report and Recommendation. Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

**The Court would add the following points:**

First, the Court finds the majority of Plaintiff's objections merely reassert arguments presented in her initial Brief. (*Compare* Dkt. No. 23 at I-II *with* Dkt. No. 15 at I-II.) As a result, the Court finds that "challenged" portions of the Report and Recommendation warrant only a clear-error review. *See, supra*, Part II of this Decision and Order. Further, because there

is no clear error on the face of the Report and Recommendation, the Courts finds that it survives initial review.

Second, in arguing that Magistrate Judge Katz erred in affirming the ALJ's failure to include any limitations related to her asthma or to comply with the Appeals Council's remand order related to reassessing that asthma-related limitation, the Court notes that Plaintiff has wholly failed to raise any objection or response to Magistrate Judge Katz's finding that any error committed by the ALJ in this respect is harmless because the jobs identified by the vocational expert at Step Five all could be performed even if such a limitation as is indicated by the opinion evidence were to be adopted. Given Plaintiff's failure to object to that finding, it is subject to clear error review, and the Court finds no clear error in that conclusion. There is no basis for remand related to Plaintiff's asthma-related limitations.

Third, Plaintiff's argument that Magistrate Judge Katz improperly found that the ALJ complied with the Appeals Council's remand order in assessing the impact of her stress on her functioning is largely an expansion of the arguments she made in her brief before Magistrate Judge Katz, and, to the extent she could have made such more detailed arguments previously, those are subject only to clear error review. Plaintiff does specifically argue that Magistrate Judge Katz erred by finding that the ALJ's citation to the fact that her panic attacks were triggered by mentions of sexual abuse (which would not come up often in the workplace) and that she could perform certain daily activities were sufficient to constitute an individualized assessment of the effect of stress on her functioning. However, these are again, essentially arguments as to why the ALJ's rationale was erroneous that Plaintiff could have made previously, and thus not specific enough to escape clear-error review. Additionally, the Court

notes that, although these are aspects of the ALJ's decision that Magistrate Judge Katz highlighted in the Report and Recommendation, they are not the sum total of the ALJ's assessment of the evidence related to Plaintiff's stress. The ALJ's discussion of the evidence includes information about her anxiety and panic attacks, her activities and reports of functioning, and the treatments and strategies she uses to manage her emotions. (Dkt. No. 11, Attach. 2, at 19-21.) The ALJ additionally considered the opinion evidence of record that was supplied by medical sources who would have also had an opportunity to consider the effects of her reported stress. (*Id.* at 21-22.) Based on all of this, the ALJ limited Plaintiff to performing simple tasks in a stable, unchanging environment, which addresses the Appeals Council's finding that the previous ALJ's limitation for "low-stress" work was too unclear in functional terms. (*Id.* at 18.) That Plaintiff disagrees with the ALJ's assessment of the evidence does not render Magistrate Judge Katz's recommendation to affirm them the product of clear error.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report and Recommendation (Dkt. No. 20) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 8, 2025
      Syracuse, New York

                                                      Glenn T. Suddaby
                                                      U.S. District Judge